UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALFREDO ALVAREZ-MARTINEZ, 21659-055,

Movant,

-vs-

UNITED STATES OF AMERICA,

Respondent.

**No. 1:12-CR-00322 (MAT)**
**No. 1:15-CV-00351 (MAT)**

**DECISION AND ORDER**

## I. Introduction

Proceeding *pro se*, movant Alfredo Alvarez-Martinez ("Alvarez-Martinez" or "movant"), a federal prisoner, moves this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 79. Movant is incarcerated pursuant to a judgment, entered May 30, 2014, convicting him of one count of possession with intent to distribute and distribution of 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and three counts of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1). For the reasons discussed below, movant's motion is denied.

## II. Background

On December 20, 2013, movant pled guilty to the charges outlined above. His plea agreement contained a standard waiver of appellate and collateral attack rights. Specifically, the plea agreement stated that movant "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed

by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence." Doc. 58 at 9. Subsection III of the plea agreement stated the parties' understanding that movant's aggregate sentencing range would be a term of imprisonment of 123 to 138 months, a fine of $10,000 to $5,000,000, and a term of supervised release of five years.

At the plea proceeding, movant testified that he understood his plea agreement included a waiver of appeal and collateral attack. He also testified that no one had forced or threatened him to plead guilty, that he had discussed the plea agreement with his attorney, and he understood the consequences of the plea. On May 28, 2014, movant was sentenced to 123 months imprisonment and three years of supervised release.

Movant filed the instant motion on April 21, 2015, raising claims of ineffective assistance of counsel and arguing that his sentence was excessive. On July 1, 2015, the Federal Public Defender, appearing on movant's behalf for the limited purpose of the supplemental motion, moved for a reduction of movant's sentence pursuant to 18 U.S.C. § 3582(c). Doc. 84. The Court (Arcara, J.) granted the supplemental motion on March 24, 2016, and reduced movant's sentence to 120 months. Doc. 93.

Presently before the Court are movant's (appearing pro se) remaining claims regarding ineffective assistance of counsel. Specifically, movant argues that counsel was ineffective for: (1) failing to move for suppression of evidence based on a warrantless search and seizure; (2) failing to challenge the weight of heroin charged in the indictment; and (3) coercing movant into pleading guilty.

**III. Discussion**

Initially, the Court finds that movant's waiver of collateral attack was entered knowingly and voluntarily. See United States v. Roque, 421 F.3d 118, 122 (2d Cir. 2005) (finding that waiver was knowing and voluntary where there was "no evidence [in the] record to suggest that [defendant] was ignorant of his legal and constitutional rights in their then-present state"). Petitioner's waiver precludes the claims brought in grounds one and two of his petition, the facts of which transpired prior to his plea. See Summers v. United States, 2014 WL 4829207, *4 (W.D.N.Y. Sept. 29, 2014) (finding that valid collateral attack waiver applied to grounds arising both before and after plea agreement) (citing Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001)).

Movant's arguments that counsel was ineffective for failure to file a suppression motion and failure to challenge the weight of drugs charged in the indictment relate to the events which occurred prior to the plea and which did not involve the process by which

the plea was procured. Therefore, they are barred by his collateral attack waiver. See Summers v. United States, 2014 WL 4829207, *4 (W.D.N.Y. Sept. 29, 2014) (finding that valid collateral attack waiver applied to grounds arising both before and after plea agreement) (citing Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001)).

Movant's final argument, that counsel was ineffective because he allegedly coerced movant into pleading, is unpersuasive. In order to prove ineffective assistance of counsel, a defendant must show (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). Where a defendant claims that counsel was ineffective in recommending a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Significantly, movant does not provide any factual explanation as to how his counsel coerced him into pleading guilty, merely alleging that the plea was coerced "contrary to the facts." Doc. 79 at 5.

As noted above, during his plea colloquy, movant confirmed that he had discussed the plea with counsel and that he understood

each provision of the written plea agreement. He specifically testified that he had not been threatened or coerced to enter his plea. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (U.S. 1977); see also Cook v. Bradt, 2009 WL 3334792, *6 (W.D.N.Y. Oct. 9, 2009) ("The transcripts of the plea colloquy establish that petitioner's acceptance of the plea agreement was in fact knowing and voluntary, where petitioner answered affirmatively that he freely and voluntarily entered the plea without any form of coercion and was explained in detail the rights that he waived."). Movant's claim that he received ineffective assistance of counsel is therefore dismissed. See, e.g., Sturgis v. United States, 2008 WL 2783394, *6 (W.D.N.Y. July 16, 2008) (dismissing § 2255 motion arguing ineffective assistance where movant entered plea "in which he denied that he was threatened or coerced into pleading guilty").

**III. Conclusion**

ALvarez-Martinez's motion to vacate and correct his sentence (Doc. 79) is denied. The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a

certificate of appealability. The Clerk of the Court is directed to close Civil Case No. 1:15-CV-00351.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: January 19, 2017
Rochester, New York.